## VEAL v. HUFFMAN.

ATKINSON, J. This is a suit by a vendee of land against his vendor, in which the petitioner alleges a contract of purchase of land, the execution of a conveyance of land, and the contemporaneous execution of a separate written instrument giving to the grantee the right to use water from a spring on other land of the grantor, together with the right of ingress and egress to the spring. The petitioner also alleges that the grantor committed a breach of covenant by excluding him from enjoyment of the spring. On the basis of such exclusion it was alleged that the plaintiff had been damaged in a stated amount, and judgment was prayed for damages and general relief. The original petition was several times amended. The defendant demurred to the original petition and

to each of the amendments. The demurrers were overruled, and the defendant excepted pendente lite. The defendant filed answer to the original petition and to each of the several amendments. On the trial a verdict was rendered for the plaintiff for a stated sum of money. The defendant made a motion for a new trial, which was overruled, and he excepted. In the bill of exceptions error is also assigned upon the exceptions pendente lite. *Held:* It appears from the record, as is made plain by the foregoing statement, that the Supreme Court is without jurisdiction of the writ of error, and that the Court of Appeals has jurisdiction; and consequently the case is transferred to that court for decision. *Transferred to Court of Appeals. All the Justices concur.*

No. 4588. SEPTEMBER 17, 1925.

Complaint. Before Judge Wright. Floyd superior court. October 12, 1924.

*Paul H. Doyal,* for plaintiff in error.

*F. W. Copeland* and *Porter & Mebane,* contra.